IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-2923

**AUSTIN KIM,**

Plaintiff,

v.

**SCOTT KELLY,** DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
**ANTHONY CORDOVA,** DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
**BENJAMIN ESPINOZA,** DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
**ANDREW SANDERS,** DOUGLAS COUNTY SHERIFF'S OFFICE SERGEANT, IN HIS INDIVIDUAL CAPACITY;

Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Austin Kim, by and through his counsel, Jason M. Kosloski of KOSLOSKI LAW, PLLC, Tillman P. Clark of TILLMAN CLARK LAW, LLC, respectfully alleges for his Complaint and Jury Demand as follows:

### INTRODUCTION

1. This is a case about a child who was seized by police officers for going on a walk.

2. This is also a case about the false statements that those same police officers made in their official police reports to manufacture a lawful justification for their actions the fact that they had seized a child, locked him in the back of a police car, and searched his phone without his consent.

3. On May 23, 2012, the Board of Commissioners of Douglas County passed Ordinance O-012-002 (hereafter the "Curfew Ordinance"). This ordinance made it illegal for "any person under the age of eighteen (18) years to loiter on or about any street, sidewalk, curb, gutter, parking lot, alley, vacant lot, park, playground or yard . . . during the hours between 12:00 midnight and 5:00 a.m." Curfew Ordinance at (I)(b).

4. The Curfew Ordinance defines "loiter" as "remaining idle in essentially one (1) location, to be dilatory, to tarry or to dawdle, and shall include, but not be limited to standing around, hanging out, sitting, kneeling, sauntering or prowling, in a public space." *Id.* at (I)(a).

5. On May 9, 2023, the defendants purported to use this ordinance to seize Mr. Kim, to use force against him, and to search his cell phone without his consent. However, Mr. Kim was not violating the Curfew Ordinance, and no reasonable police officer would believe that he was.

6. Mr. Kim brings this complaint to seek justice for the defendants' seizure of Mr. Kim and his cell phone, and their search of Mr. Kim's cell phone. Mr. Kim hopes that this case can bring him some justice and send a message that the police may not violate the rights of any person, even a teenager.

## JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution, and 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to U.S.C. §§ 1331, 1343, and 2201. Supplemental jurisdiction over state law claims is conferred by 28 U.S.C. § 1367 because the

violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All the events alleged herein occurred in the State of Colorado, and all the individual parties were residents of and domiciled in the State of Colorado at the time of the events giving rise to this Complaint.

9. This case is timely because this action is for events that occurred while Mr. Kim was a minor under the age of eighteen and did not turn eighteen until December 27, 2024.

## PARTIES

10. Austin Kim is the Plaintiff. At all relevant times Mr. Kim was a resident of Colorado and a citizen of the United States. Plaintiff Kim will be referred to as Plaintiff or Mr. Kim.

11. Defendant Scott Kelly is, upon information and belief, a resident of Colorado and a citizen of the United States. At all relevant times, Defendant Kelly was employed by the Douglas County Sherriff as a peace officer and was acting under the color of state law. Defendant Kelly is sued in his personal capacity.

12. Defendant Anthony Cordova is, upon information and belief, a resident of Colorado and a citizen of the United States. At all relevant times, Defendant Cordova was employed by the Douglas County Sherriff as a peace officer and was acting under the color of state law. Defendant Cordova is sued in his personal capacity.

13. Defendant Benjamin Espinoza is, upon information and belief, a resident of Colorado and a citizen of the United States. At all relevant times, Defendant Espinoza was employed by the

Douglas County Sherriff as a peace officer and was acting under the color of state law. Defendant Espinoza is sued in his personal capacity.

14. Defendant Andrew Sanders is, upon information and belief, a resident of Colorado and a citizen of the United States. At all relevant times, Defendant Sanders was employed by the Douglas County Sherriff as a peace officer and was acting under the color of state law. Defendant Sanders is sued in his personal capacity.

### FACTUAL ALLEGATIONS

15. On May 9, 2023, at 5:20 AM, Mr. Kim was out for a walk near his home. Mr. Kim was a 16-year-old high school junior who enjoyed taking walks before school.

16. Unbeknownst to Mr. Kim, at some point earlier that morning an unknown person had called the police to report a "10-11-year-old male walking very slow," didn't respond to the caller, and was possibly sleepwalking on Quebec Street.

17. While looking for this "10-11-year-old male" defendants came across Mr. Kim. Mr. Kim was not walking slowly. Mr. Kim was obviously not sleepwalking. Mr. Kim was obviously not ten or eleven years old.

18. At 5:22AM, Defendants Kelly and Cordova were driving together in their fully marked and equipped Douglas County Sheriff's Office SUV when saw Mr. Kim walking down Quebec.

19. Defendant Kelly was the "field training officer" responsible for training and overseeing Defendant Cordova.

20. Defendants Kelly and Cordova turned their SUV around and pulled over on the side of Quebec in front of Mr. Kim. Defendants Kelly and Cordova turned their red and blue emergency lights on and got out of their SUV in front of Mr. Kim.

21. Defendants Kelly and Cordova stood on the sidewalk in front of where Mr. Kim was walking. Mr. Kim responded by moving onto the grass next to the sidewalk.

22. Mr. Kim was clearly not sleepwalking.

23. Mr. Kim was clearly not in need of assistance.

24. Mr. Kim attempted to continue his walk.

25. Defendants Kelly and Cordova physically grabbed Mr. Kim to keep him from walking away.

26. Despite having no lawful basis to detain or arrest Mr. Kim, Defendants Kelly and Cordova physically grabbed, pulled and pushed, and twisted Mr. Kim's arms.

27. While Defendants Kelly and Cordova were physically grabbing, pushing, pulling, and twisting Mr. Kim, Defendant Espinoza arrived. Defendant Espinoza did nothing to intervene against Defendants Kelly and Cordova. To the contrary, Defendant Espinoza joined in with Defendants Kelly and Cordova's use of physical force against Mr. Kim.

28. Defendants Kelly, Cordova, and Espinoza ultimately slammed Mr. Kim against the side of their police SUV.

29. While Defendants Kelly, Cordova, and Espinoza pinned Mr. Kim against the side of their police SUV, Defendant Sanders arrived.

30. Defendant Sanders did not intervene against Defendants Kelly, Cordova, and Espinoza's physical violence against Mr. Kim. Instead, Defendant Sanders grabbed Mr. Kim's left arm and helped Defendants Kelly and Cordova handcuff Mr. Kim's hands behind his back.

31. Defendants Kelly, Cordova, Espinoza, and Sanders then locked Mr. Kim in the back of a police SUV.

32. Defendant Cordova seized Mr. Kim's cell phone out of his pocket while the other Defendants assisted and did nothing to stop Defendant Cordova.

33. Defendants kept Mr. Kim locked in the back of a police car for over half an hour.

34. While Mr. Kim was locked in the back of a police car, Defendants requested that a team from South Metro Fire Rescue (South Metro) come and assess Mr. Kim.

35. While South Metro employees were speaking with Mr. Kim, Defendants directed an unknown South Metro employee to search Mr. Kim's cell phone. All other Defendants stood by and did not intervene against this search.

36. The unknown South Metro employee, acting at the direction and as an agent for a law enforcement officer, searched Mr. Kim's cell phone and provided information contained in Mr. Kim's phone to Defendants.

37. Ultimately, Defendants released Mr. Kim from his captivity in the back of a police car and let him continue his walk.

38. Defendants all wrote reports in this case. The reports that Defendants wrote contained false statements:

    a. Defendant Cordova or[1] Kelly wrote that their involved began at "approximately 0445 hours [4:45 AM]" on May 9, 2023. This was false. Both Defendants Cordova and Kelly arrived at approximately 5:22 AM on May 9, 2023.

    b. Defendant Sanders wrote that his involvement began at "approximately 0459 [4:59 AM]" on May 9, 2023. This was false. Defendant Sanders arrived at approximately 5:26 AM on May 9, 2023.

---

[1] It is unclear from the reports available to Mr. Kim who authored this report. The report appears to be written by "Kelly, Scott" as he is listed as the "reporting officer." However, the report refers to "Deputy Kelly and I" – which would seem to indicate that the report was written by Defendant Cordova, Defendant Kelly's trainee.

c. Defendant Espinoza wrote that his involvement began at "approximate 0459 [4:59 AM] on May 9, 2023. This was false. Defendant Espinoza arrived at approximately 5:23 AM on May 9, 2023.

39. The false times selected by Defendants are no coincidence. Defendants justified their seizure of Mr. Kim by asserting that he was violating the Curfew Statute – which ends at 5:00 AM.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – 4th Amendment
### Unconstitutional Seizure
### (All Defendants)

40. Mr. Kim incorporates all other paragraphs as if fully set forth herein.

41. At all times relevant to this complaint, Defendants acted under color of state law and within the course and scope of their employment as peace officers with the Douglas County Sheriff's Office.

42. Plaintiff had a protected interest under the Fourth Amendment to the United States Constitution in being secure in his person and property from unreasonable seizures by law enforcement personnel.

43. Defendants, acting in concert with one another, unreasonably seized Mr. Kim and his cell phone in violation of the Fourth Amendment.

44. Defendants did not have reasonable suspicion or probable cause to believe that Mr. Kim had committed, was committing, or was about to commit any violation of the law.

45. Defendants did not have a warrant to seize Mr. Kim or his cell phone.

46. There was no other lawful basis for Defendants to seize Mr. Kim or his cell phone.

47. Defendants violated Mr. Kim's federal constitutional rights by engaging in an unlawful seizure of Mr. Kim and his cell phone.

48. Defendants engaged in a collective plan or effort to seize Mr. Kim and his cell phone without probable cause, reasonable suspicion, or another valid legal basis or, alternatively, each Defendant failed to take reasonable steps to intervene in the other Defendant's unlawful seizure of Mr. Kim, despite being in a position and having the opportunity to do so.

49. Each Defendant is therefore liable for the damages resulting from the objectively unlawful and unjustified seizure of Mr. Kim.

50. Defendants subjected or caused Mr. Kim to be subjected to the deprivation of his individual rights secured by the bill of rights of the United States Constitution.

51. Defendants violated clearly established law at the time about which every reasonable officer would have known.

52. The acts or omissions of the Defendants were the moving force behind, and the proximate cause of, injuries sustained by Mr. Kim.

53. Defendants' conduct described herein was attended by circumstances of malice, or willful and wonton conduct, which the Defendants must have realized was dangerous, or was done heedlessly and recklessly, without regard to the consequences, or of the rights and safety of others, particularly Mr. Kim.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – 4th Amendment
### Unconstitutional Search
### (All Defendants)

54. Mr. Kim incorporates all other paragraphs as if fully set forth herein.

55. At all times relevant to this complaint, Defendants acted under color of state law and within the course and scope of their employment as peace officers with the Douglas County Sheriff's Office.

56. Plaintiff had a protected interest under the Fourth Amendment to the United States Constitution in being secure in his effects from unreasonable searches by law enforcement personnel.

57. Defendants, acting in concert with one another, unreasonably caused Mr. Kim's cell phone to be searched by a government agent acting at their direction.

58. Defendants did not have a warrant to search Mr. Kim's cell phone.

59. Mr. Kim did not consent to the search of his cell phone.

60. Defendants violated Mr. Kim's federal constitutional rights by engaging in an unlawful search of Mr. Kim's cell phone that was objectively unjustified in light of the facts and circumstances confronting Defendants.

61. Defendants engaged in a collective plan or effort to search Mr. Kim's cell phone without a warrant or another valid legal basis or, alternatively, each Defendant failed to take reasonable steps to intervene in the other Defendant's unlawful search of Mr. Kim's, despite being in a position and having the opportunity to do so.

62. Each Defendant is therefore liable for the damages resulting from the objectively unlawful and unjustified search of Mr. Kim's cell phone.

63. Defendants subjected or caused Mr. Kim to be subjected to the deprivation of his individual rights secured by the bill of rights of the United States Constitution.

64. Defendants violated clearly established law at the time about which every reasonable officer would have known.

65. The acts or omissions of the Defendants were the moving force behind, and the proximate cause of, injuries sustained by Mr. Kim.

66. Defendants' conduct described herein was attended by circumstances of malice, or willful and wonton conduct, which the Defendants must have realized was dangerous, or was done heedlessly and recklessly, without regard to the consequences, or of the rights and safety of others, particularly Mr. Kim.

**THIRD CLAIM FOR RELIEF**
**Violation of Article II, Section 7 of the Colorado Constitution and CRS § 13-21-131**
**Unconstitutional Seizure**
**(All Defendants)**

67. Mr. Kim incorporates by reference all preceding paragraphs as if fully set forth here.

68. At all relevant times, Defendants were peace officers as defined in CRS § 24-31-901(3) and were acting under the color of law.

69. Mr. Kim has an individual right to be free from unreasonable seizures that is guaranteed by Article II, Section 7 of the Colorado Constitution. This includes the right to be free from excessive force.

70. Defendants seized Mr. Kim.

71. In the alternative, Defendants failed to intervene against the seizure or continued seizure of Mr. Kim despite being able to do so.

72. Defendants seized Mr. Kim without lawful authority.

73. Defendants used unreasonable and excessive force against Mr. Kim.

74. Defendants seized Mr. Kim's property, including his cell phone.

75. Defendants' actions subjected Mr. Kim, or caused Mr. Kim to be subjected, to the deprivation of Mr. Kim's individual rights to be free from unreasonable seizures and to not be subjected to excessive force that are guaranteed by Article II, Section 7 of the Colorado Constitution.

76. As a direct and proximate result of Defendants' actions, Mr. Kim suffered damages, including the physical injuries, pain and suffering, emotional distress, and other damages to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**Violation of Article II, Section 7 of the Colorado Constitution and CRS § 13-21-131**
**Unconstitutional Search**
**(All Defendants)**

77. Mr. Kim incorporates by reference all preceding paragraphs as if fully set forth here.

78. At all relevant times, Defendants were peace officers as defined in CRS § 24-31-901(3) and were acting under the color of law.

79. Mr. Kim has an individual right to be free from unreasonable searches that is guaranteed by Article II, Section 7 of the Colorado Constitution.

80. Defendants searched Mr. Kim's cell phone or caused Mr. Kim's cell phone to be searched.

81. Defendants did not have a warrant to search Mr. Kim's cell phone.

82. Alternatively, Defendants failed to intervene against the unlawful search of Mr. Kim's cell phone despite being able to do so.

83. Defendants' actions subjected Mr. Kim, or caused Mr. Kim to be subjected, to the deprivation of Mr. Kim's individual rights to be free from unreasonable searches that is guaranteed by Article II, Section 7 of the Colorado Constitution.

84. Defendants are not entitled to any statutory immunity or statutory limitations of liability, damages, or attorney's fees pursuant to CRS 13-21-131(2)(a).

85. Defendants are not entitled to any qualified immunity or "common law immunity" as a defense to liability pursuant to CRS 13-21-131(2)(b).

86. As a direct and proximate result of Defendants' actions, Mr. Kim suffered damages, including physical injuries, plain and suffering, emotional distress, and other damages to be determined at trial.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff Austin Kim respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief as allowed by law and equity, including but not limited to:

a. A judgment that the acts of Defendants described herein violated the United States and Colorado constitutions.

b. Injunctive relief, as appropriate.

c. Compensatory damages according to proof at trial, including but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, emotional distress, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, and other non-pecuniary losses.

d.  Punitive or exemplary damages for all claims as allowed by law in an amount to be determined at trial.

e.  Attorney's fees and costs.

f.  Pre-judgment and post-judgment interest at the highest possible rate; and

g.  Such further relief as the Court may deem just, proper, and appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: September 17, 2025

/s/ Jason M. Kosloski
Jason M. Kosloski
KOSLOSKI LAW, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Austin Kim*

/s/ Tillman P. Clark
Tillman P. Clark
TILLMAN CLARK LAW, LLC
1312 17th Street, Unit 2250
Denver, CO 80202
(720) 507-5814
tillmanclarklaw@gmail.com
*Attorney for Plaintiff Austin Kim*