IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02923-PAB-STV

AUSTIN KIM,

    Plaintiff,

v.

SCOTT KELLY,
ANTHONY CORDOVA,
BENJAMIN ESPINOZA, and
ANDREW SANDERS.

    Defendants.

---

### MOTION TO DISMISS [DOC. 1] COMPLAINT

Defendants, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders (the "Deputies"), in their individual capacities, through the Douglas County Attorney's Office, hereby move, pursuant to F.R.C.P. 12(b)(6), for dismissal of each claim in Plaintiff's Complaint [Doc. 1, "Complaint"]. In support thereof, the Deputies state as follows:

### INTRODUCTION AND BACKGROUND

On May 9, 2023, Deputies from the Douglas County Sheriff's Office responded to a 911 call that a child was walking along the road before 5 a.m. (ECF 1, ¶ 15). This violated the County Curfew Ordinance. (*Id*; Exhibit A). The Call came in at 4:59 and reported a child walking down the street in a purple hoody and shorts. (Exhibit B[1]). The Caller reported that the child appeared

---

[1] The Police reports are central to Plaintiff's claims and referred to in his Complaint. [*See* Doc. 1 at ¶¶ 2, 38]. The Court should consider the police reports, which contradict Plaintiff's allegations, without converting this motion to

1

to be sleepwalking. (Exhibit B). Beyond being concerned about a curfew violation, Deputies responded as a welfare check concerned about the safety of a child. (Exhibit B). Deputies began looking for the reported child around five (5) a.m. (ECF 1, ¶ 38, Exhibit B) Deputies did not contact Plaintiff until around 5:22 a.m. after checking other locations where he reported to have been walking. (ECF 1, ¶ 38, Exhibit B) Upon contact, the child simply stated that he was sixteen (16) years old and refused to speak with Deputies. (Exhibit B). Given that Deputies had a report of a child out walking during curfew and Plaintiff is a child, Deputies had reasonable suspicion to contact him and request that he identify himself. Plaintiff attempted to walk past the Deputies and did not identify himself. (ECF 1, ¶ 24). Deputies detained Plaintiff in an effort to assess his welfare and identify him. (ECF 1, ¶ 23). Deputies called for paramedics to assess the Plaintiff. (ECF. ¶ 34). A South Metro Firefighter finds Plaintiff's mother's phone number on Plaintiff's phone, enabling Deputies to call her to the scene. (ECF 1, ¶ 36).

## STANDARD OF REVIEW

A defendant may seek dismissal under F.R.C.P. 12(b)(6) for "failure to state a claim." To survive such a motion, a complaint's factual allegations, assumed true, must "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but asserted legal conclusions need not be taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of

---

dismiss into one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-1385 (10th Cir. 1997) (the court may consider an exhibit referred to in the complaint and central to the claims without converting a 12(b)(6) motion to one for summary judgment, and allegations in a complaint that are contradicted by a properly considered exhibit "are not well-pleaded facts that the court must accept as true.").

2

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

I.   **The Deputies are entitled to qualified immunity because Plaintiff fails to state a violation of clearly established law**

Individual defendants in a § 1983 action may raise qualified immunity. *Gutierrez v. Cobos*, 841 F.3d 895 (10th Cir. 2016). Although frequently resolved on summary judgment, "district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). On a motion to dismiss, "it is the defendant's conduct alleged in the complaint that is scrutinized for objective legal reasonableness." *Id.*

The plaintiff bears the initial burden to show both (1) violation of a constitutional right, and (2) that the right was clearly established at the time. *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877 (10th Cir. 2014). Although evidence is viewed in the light most favorable to the plaintiff, "the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Id.* at 878. If the plaintiff succeeds, the burden shifts to the defendant to show no dispute of material fact as to whether his conduct was reasonable in light of clearly established law and information known at the time. *Id.* at 877.

"Clearly established" means, at the time of the conduct, the law was "'sufficiently clear' that every 'reasonable official would understand that what he is doing'" was unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Existing law must place the constitutionality "beyond debate."

3

*Id.* at 741. "'[T]he result depends very much on the facts of each case,' and the precedents must 'squarely govern' the present case.'" *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Consequently, public officials are entitled to qualified immunity in "all but the most exceptional cases." *Rachamim v. Ortiz*, 147 Fed. Appx. 731, 734 (10th Cir. 2005); see also *Harris v. Bd. of Educ. of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

### A. Plaintiff's detention was lawful because the Deputies had reasonable suspicion to believe that the Plaintiff had violated the curfew ordinance

"The Fourth Amendment is not, of course, a guarantee against <u>all</u> searches and seizures, but only against <u>unreasonable</u> searches and seizures." *United States v. Sharpe*, 470 U.S. 675, 682 (1985). There are "three categories of police/citizen encounters." *United States v. Espinosa*, 782 F.2d 888, 890 (10th Cir. 1986). "The second category is referred to as an investigative detention, or a *Terry* stop." *Id*. "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 146 (1972). "To determine whether an investigative detention was constitutionally permitted, we must ask both whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Soto-Cervantes*, 138 F.3d 1319, 1322 (10th Cir. 1998)(internal citations omitted). "Whether such an investigative detention is supported by an objectively reasonable suspicion of illegal activity does not depend upon any one factor, but on the totality of the circumstances." *United States v.*

4

*Soto*, 988 F.2d 1548, 1555 (10th Cir. 1993).  Further, Colorado has codified this exception.  C.R.S. § 16-3-103.

Here Defendants had information that a child was walking in the area in violation of curfew.  (ECF 1, ¶¶ 16; 38).  The description of the child was that he was wearing a purple hoody and shorts, matching the Plaintiff. (Exhibit B).  The child was reported be sleepwalking and the 911 caller had attempted to ask the child if he was okay.  (Exhibit B).  They contacted the Plaintiff who, while not a 10–11-year-old child, was still a child.  (ECF 1, ¶¶ 15, 20).  Plaintiff refused to identify himself, except to state that he was 16, and attempted to walk past the officers refusing to answer their questions.  (ECF 1, ¶¶ 21 and 24, Exhibit B).  At that point, Defendants had at least reasonable suspicion to detain Plaintiff in order to identify him and continue to investigate the case.  Deputies were concerned about blank stare and refusal to identify himself.  (Exhibit B). Due to these concerns, Deputies extended the detention inorder to have medical respond and try to identify the Plaintiff.  Defendants were justified in extending the detention in order to identify Plaintiff, and due toconcerns about his welfare.

> **B.  Plaintiff's detention was lawful because Deputies had reasonable probable cause to believe that Plaintiff had violated the curfew ordinance**

To determine whether the law was clearly established in the context of probable cause, Courts ask if a defendant had "*arguable* probable cause," meaning a defendant "in the same circumstances and ... possessing the same knowledge … could have reasonably believed that probable cause existed in light of well-established law." *Felders*, supra at 879 (emphasis added). Consequently, the "clearly established" standard requires a high degree of specificity showing the legal principle clearly prohibits the conduct in the particular circumstances. *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018). Specificity is especially important in the warrantless arrest

context, where "a body of relevant case law" is necessary to "clearly establish" the answer. *Id*. at 581. Thus, to overcome qualified immunity, Plaintiff must "identify a case where an officer acting under similar circumstances ... violated the Fourth Amendment." *Id*. at 591. Even where an officer lacks *actual* probable cause, he is entitled to qualified immunity if he reasonably but mistakenly concludes probable cause exists. *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007).

Probable cause "turn[s] on the assessment of probabilities in particular factual contexts" and cannot be "reduced to a neat set of legal rules." *Maryland v. Pringle*, 540 U.S. 366, 370-371 (2003) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). It is "incapable of precise definition or quantification into percentages." *Id.* at 371. The Court views the totality of the circumstances rather than each fact in isolation and "look objectively at reasonable conclusions that could have been drawn based on the facts known at the time of the arrest." *Gates*, 462 U.S. at 230-231. Probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating it is more likely than not that the suspect committed a crime." *Schudel v. Miller*, 12-cv-01864, 2013 WL 12318277 at *5 (D. Colo. 2013) (quoting *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003)). Probable cause "is not a high bar," and requires only the "kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" *Kaley v. United States*, 571 U.S. 320, 338 (2014). Further, "a seizure requires either the use of physical force by the police officer or submission by the individual to the police officer's assertion of authority." *United States v. Harris*, 313 F.3d 1228, 1234 (10th Cir. 2002). The analysis of when the officer has either reasonable suspicion or probable cause begins at the point of the seizure. *Id*, 1235.

6

Here Defendants had information that a child was walking in the area in violation of curfew. (ECF 1, ¶¶ 16; 38). The description of the child was that he was wearing a purple hoody and shorts, matching the Plaintiff. (Exhibit B). They contacted the Plaintiff who, while not a 10-11 year old child, was still a child. (ECF 1, ¶¶ 15, 20). Plaintiff refused to identify himself, except to state that he was 16, and attempted to walk past the officers refusing to answer their questions. (ECF 1, ¶¶ 21 and 24). At the point that Defendants used the minimal necessary force to stop the Plaintiff in order to continue investigating. The degree of force used was proportional to the situation given that the Plaintiff grabbed at and attempted to kick deputies. (Exhibit B). Once deputies confirmed that the Plaintiff was a child and that he fit the description of the child reported to be walking before five a.m., they had probable cause to arrest.

### C. Deputies are entitled to qualified immunity because Plaintiff's cell phone was seized during a search incident to arrest

"In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Supreme Court crafted a "stop-and-frisk" exception to the general rule that seizures and searches be supported by probable cause." *United States v. Harris*, 313 F.3d 1228, 1233–34 (10th Cir. 2002). A warrantless search of a person or place is permissible when contemporaneous to a lawful arrest. *United States v. Robinson*, 414 U.S. 218, 225, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

Here Defendants had information that a child was walking in the area in violation of curfew. (ECF 1, ¶¶ 16; 38). The description of the child was that he was wearing a purple hoody and shorts, matching the Plaintiff. (Exhibit B). Once Plaintiff stated that he was sixteen years old and the Deputies confirmed he matched the description of the child reported to be walking out before five a.m., they had probable cause to arrest, meaning they could search Plaintiff's pockets

7

incident to arrest. In terms of the search of the cell phone, this was done by a firefighter without direction from the Deputies. (Exhibit B).

## II. The Court should decline supplemental jurisdiction over Plaintiff's state-law claims

Plaintiff brings each of his claims under both 42 U.S.C. § 1983 and C.R.S. § 13-21-131. The Court should decline supplemental jurisdiction over Plaintiff's claims arising under state law because "when all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998). Accordingly, the Court should decline supplemental jurisdiction over Plaintiff's remaining state-law claims upon dismissal of his claims under 42 U.S.C. § 1983.

## CONCLUSION

WHEREFORE, Defendants, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders respectfully request that the Court grant qualified immunity to all claims asserted by Plaintiff, dismiss Plaintiff's claims with prejudice, award the Deputies' attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), and order such additional relief as the Court deems just and proper.

Respectfully submitted this December 9th, 2025.

pg 9 of 10

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO

<u>/s/ Andrew C. Steers</u>
Andrew C. Steers, #40139
S. Kelly Dunnaway, #31896
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
Email: asteers@douglas.co.us
kdunnawa@douglas.co.us

*Attorneys for Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders*

9

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of December 2025, I electronically filed the foregoing **MOTION TO DISMISS [DOC. 1] COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Ashley Chamberlain*

*Pursuant to USDC ECF Procedure Version 6.1, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.*