ORDINANCE NO. O-012-002

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF DOUGLAS, COLORADO

AN ORDINANCE IMPOSING A CURFEW FOR MINORS WHO HAVE NOT REACHED THEIR EIGHTEENTH BIRTHDAY; MAKING IT UNLAWFUL FOR ANY PARENT, GUARDIAN, OR OTHER PERSON HAVING LEGAL CUSTODY OF SUCH MINOR TO KNOWINGLY ALLOW OR PERMT SUCH MINOR TO VIOLATE SAID CURFEW; PRESCRIBING THE PENALTIES FOR VIOLATION THEREOF; PROVIDING FOR ENFORCEMENT; PROVIDING FOR THE DISPOSITION OF FINES; AND REPEALING ALL ORDINANCES AND RESOLUTIONS IN CONFLICT THEREWITH.

WHEREAS, pursuant to the provision of Section 30-15-401, C.R.S., the Board of County Commissioners has the power to adopt ordinances for the control of matters of purely local concern; and

WHEREAS, pursuant to Section 30-15-401 (1) (b), C.R.S., the Board has the power to prevent disturbances, disorderly assemblies, and affrays in any public place; and

WHEREAS, pursuant to Section 30-15-401 (1) (d.5), C.R.S., the Board has the authority to restrain and punish loiterers; and

WHEREAS, the Sheriff's Office and County citizens have experienced disturbances, disorderly assemblies, fights, and other criminal activities involving minors who have not reached their eighteenth birthday and who are on public streets and roads and in public places in the late evening and early morning hours; and

WHEREAS, an ordinance imposing a curfew on minors who have not reached their eighteenth birthday is necessary for the immediate preservation of the public peace, health, safety and welfare; and

WHEREAS, the effective enforcement of said curfew requires that it be unlawful for any parent, guardian, or other person having legal custody of a person who has not reached his or her eighteenth birthday to knowingly allow or permit such person to violate the curfew; now, therefore,

BE IT ORDAINED BY THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, STATE OF COLORADO, as follows:

Section 1. Loitering by minors after curfew.

(a)  Definitions. As used in the Section , loitering or loiter shall mean remaining idle in essentially one (1) location, to be dilatory, to tarry or to dawdle, and shall include, but not be limited to standing around, hanging out, sitting, kneeling, sauntering or

prowling, in a public place. The term shall also include such activity by the driver or a passenger in a motor vehicle which is parked, standing or being driven upon any public street, alley or parking lot.

(b) It shall be unlawful and a Class II Petty Offense for any person under the age of eighteen (18) years to loiter on or about any street, sidewalk, curb, gutter, parking lot, alley, vacant lot, park, playground or yard, whether public or private, without the consent or permission of the owner or occupant thereof, during the hours between 12:00 midnight and 5:00 a.m., according to the applicable time standard then in effect for Unincorporated Douglas County, unless accompanied by a parent, guardian or other adult person twenty-one (21) years of age or older.

(c) This Section shall not apply, and no person shall be charged with a violation of this Section or arrested therefore, if such person was:

   i. In a parked, standing or moving motor vehicle while accompanied by a parent, guardian or other adult person twenty-one (21) years of age or older.

   ii. In a motor vehicle in interstate travel.

   iii. Engaged in any employment, school, religious or athletic activity or going to or returning from any such activity, or going to or from any other activities of any kind which are supervised or directed by a parent or adult person twenty-one (21) years of age or older.

   iv. Married or an emancipated minor.

   v. Accompanied by a parent, guardian, or other person having legal custody of such minor.

   vi. Commuting directly to or from their lawful place of employment one-half hour before or one-half hour after their work and carrying an employer's written and signed statement specifying the type, hours and place of employment; or

   vii. has in his or her possession the written and signed consent of the parent or guardian.

It shall be an affirmative defense to a charge under this section that at the time of the violation the person was:

   i.   Not loitering; or

    ii. Exercising rights protected by the first amendment of the United States Constitution such as the free exercise of religion, freedom of speech or the right of assembly.

Section 2. <u>Knowingly Allowing or Permitting Violation of Curfew</u>.

It shall be unlawful for any parent, guardian or other person having legal custody of any minor who has not reached his or her eighteenth birthday to knowingly allow or permit any such minor to violate section 1(b) of this Ordinance.

The term "knowingly" as used herein includes knowledge which a parent, guardian, or other person having legal custody of a person who has not reached his or her eighteenth birthday should be reasonably expected to have concerning the whereabouts of said minor.

Section 3. <u>Penalty for Violations</u>. Any person who violates any provision of this Ordinance commits a Class II Petty Offense and, upon conviction thereof, shall be punished by a fine of not more than $1,000 for each separate violation.

Section 4. <u>Enforcement.</u> This Ordinance shall be enforced by the Douglas County Sheriff, Undersheriff, and Deputies.

Section 5. <u>Disposition of Fines.</u> All fines imposed and collected pursuant to this Ordinance shall be paid to the Treasurer of Douglas County.

Section 6. <u>Severability.</u> If any section, subsection or clause of this Ordinance shall be deemed to be unconstitutional or otherwise invalid, such validity shall not affect, impair or invalidate any other provisions of this Ordinance, which can be given affect without such invalid provision.

Section 7. <u>Repeal.</u> All ordinances and/or resolutions or parts of ordinances and/or resolutions inconsistent with the provisions of this Ordinance are hereby repealed, except that this repeal shall not affect or prevent the prosecution or punishment or any person for any act done or committed in violation of any ordinance hereby repealed prior to the effective date of this Ordinance.

Section 8. <u>Emergency.</u> The Sheriff's Office and Douglas County citizens have experienced increased disturbances and other criminal activities by persons under the age of eighteen and after the end of the school year and during the summer months. In order to properly protect the public peace, health, safety, and welfare, it is necessary that this Ordinance be adopted and become effective as soon as possible. Accordingly, this Ordinance is adopted as an emergency ordinance and shall take effect on the date and at the time of its adoption.

# EXHIBIT A

**INTRODUCED, READ AND ADOPTED ON FIRST READING ON** 24th day of April, 2012 and ordered published in full in the <u>Douglas County News-Press</u> in Castle Rock, Douglas County, Colorado.

**THE BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF DOUGLAS COLORADO**

BY: _____
Jack A. Hilbert, Chair

ATTEST: _____
Melissa Pelletier, Deputy Clerk to the Board

**ADOPTED ON SECOND AND FINAL READING ON** May 23, 2012, and ordered published by reference to title only in the <u>Douglas County News-Press</u>.

**THE BOARD OF COUNTY COMMISSIONERS**
**OF THE COUNTY OF DOUGLAS COLORADO**

BY: _____
Jack A. Hilbert, Chair

ATTEST: _____
Melissa Pelletier, Deputy Clerk to the Board

## CERTIFICATE

I hereby certify that the foregoing Ordinance No. O-012-002 was introduced, read and adopted on first reading at the regulation meeting of the Board of County Commissioners of the County of Douglas on April 24, 2012, and the same was published in full in the <u>Douglas County News-Press</u>, a newspaper of general circulation published in Douglas County, and thereafter was adopted on second and final reading at a regular public hearing of the Board of County Commissioners of the County of Douglas on May 23, 2012. Said Ordinance was published by reference to title only on June 7, 2012. Said Ordinance went into effect on May 23, 2012.

_____
Melissa Pelletier, Deputy Clerk to the Board

4

# EXHIBIT A

State of Colorado    )
                     )ss.
County of Douglas    )

Subscribed and sworn to before me this 23 day of May, 2012, by Melissa Pelletier, Deputy Clerk to the Board.

_____
Notary Public

My Commission expires: Oct 14 2015

## CERTIFICATION

I, Melissa Pelletier, Douglas County Deputy Clerk, do hereby certify that the foregoing Ordinance No. O-012-002, entitled: **AN ORDINANCE IMPOSING A CURFEW FOR MINORS WHO HAVE NOT REACHED THEIR EIGHTEENTH BIRTHDAY; MAKING IT UNLAWFUL FOR ANY PARENT, GUARDIAN, OR OTHER PERSON HAVING LEGAL CUSTODY OF SUCH MINOR TO KNOWINGLY ALLOW OR PERMIT SUCH MINOR TO VIOLATE SAID CURFEW; PRESCRIBING THE PENALTY FOR VIOLATION; PROVIDING FOR ENFORCEMENT; AND PROVIDING FOR THE DISPOSITION OF FINES**, is a true, correct and complete copy from the records in my office, that said Ordinance was duly adopted by the Board of County Commissioners of Douglas County and is in full force and effect.

_____
Deputy Clerk

5

# EXHIBIT A

## PUBLIC NOTICE

**NOTICE IS HEREBY GIVEN** that the following ordinance was adopted on the second and final reading at a regular public hearing of the Board of County Commissioners of the County of Douglas on May 22, 2012:

### ORDINANCE NO. O-012-002

### THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, COLORADO

AN ORDINANCE IMPOSING A CURFEW FOR MINORS WHO HAVE NOT REACHED THEIR EIGHTEENTH BIRTHDAY; MAKING IT UNLAWFUL FOR ANY PARENT, GUARDIAN, OR OTHER PERSON HAVING LEGAL CUSTODY OF SUCH MINOR TO KNOWINGLY ALLOW OR PERMIT SUCH MINOR TO VIOLATE SAID CURFEW; PRESCRIBING THE PENALTIES FOR VIOLATION THEREOF; PROVIDING FOR ENFORCEMENT; PROVIDING FOR THE DISPOSITION OF FINES; AND REPEALING ALL ORDINANCES AND RESOLUTIONS IN CONFLICT THEREWITH.

/s/ Melissa Pelletier_____
Melissa Pelletier, Deputy Clerk to the Board

LEGAL NOTICE NO._____
Publication Date: _____