IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02923-PAB-STV

AUSTIN KIM,

    Plaintiff,

v.

SCOTT KELLY,
ANTHONY CORDOVA,
BENJAMIN ESPINOZA, and
ANDREW SANDERS.

    Defendants.

---

### DEFENDANTS' MOTION TO STAY DISCOVERY PENDING IMMUNITY DETERMINATION

---

Defendants, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders ("the Deputies"), in their individual capacity, through the Douglas County Attorney's Office, hereby submit this Motion to Stay Discovery Pending Immunity Determination, and in support thereof state as follows:

### D.C.COLO.LCIVR 7.1(A) CERTIFICATION

Undersigned counsel conferred with counsel for Plaintiff, Jason Koslowski, via email on December 8, 2025. Plaintiff opposes the relief sought in this motion.

### INTRODUCTION

The Deputies file a Motion to Dismiss Plaintiff's Complaint [Doc. 1, "Amended Complaint"] alongside this Motion to Stay Discovery, arguing, among other things, that they are

entitled to qualified immunity from Plaintiff's 42 U.S.C. § 1983 claims. The Deputies hereby request that the Court stay all further discovery in this matter until the Court makes the threshold immunity determinations raised in the Motion to Dismiss.

Qualified immunity must be decided before discovery may proceed. A stay of discovery is in accordance with the directives of the United States Supreme Court regarding the nature and purpose of qualified immunity, with standard judicial practice in this District, and with the Court's broad authority to control its docket.

**ARGUMENT**

**I.   *Qualified Immunity Must Be Decided Before Discovery May Proceed.***

The Tenth Circuit has recognized that discovery, trial, or both should not proceed until the threshold question of qualified immunity has been addressed. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) ("because qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity"). The doctrine of qualified immunity "serves to protect the defendant not just from personal liability but also from the ordeal of litigation." *Apodaca v. Raemisch*, 864 F.3d 1071, 1075 (10th Cir. 2017). If successful, the defense of qualified immunity should protect an official from both liability as well as from the burdens of far-reaching discovery. *Workman*, 958 F.2d at 335.

In *Harlow*, the Supreme Court cautioned that until the "threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1996) (quoting *Harlow* and stating that if a suit can be dismissed at the pleadings stage or in early pre-trial stages, then qualified immunity

2

provides officials with "the valuable protection from 'the burdens of broad-ranging discovery'"); *Saucier v. Katz*, 533 U.S. 194, 197 (2001) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive."); *Martin v. Cty. of Santa Fe*, 626 F.App'x 736, 740 (10th Cir. 2015) ("Because 'the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior to discovery*,' there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense.") (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citation omitted)).

Accordingly, the Court must "'exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings.'" *Doe v. Woodard*, No. 15-cv-01165-KLM, 2015 WL 5444301, *2 (D. Colo. Sept. 16, 2015) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)) (alteration in original); *see also Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Deputies' Motion to Dismiss asserts qualified immunity to each of Plaintiff's claims pursuant to 42 U.S.C. § 1983. In accordance with Supreme Court and Tenth Circuit precedent favoring stays when a defense of qualified immunity may be dispositive, a stay of discovery is warranted pending resolution of the Motion to Dismiss.

**II.     *A Stay of Discovery is an Appropriate Exercise of Discretion.***

The Court enjoys broad discretion to stay proceedings as part of its authority to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); Fed. R. Civ. P. 26(c); *see also Vreeland v. Vigil*, No. 18-cv-03165-PAB-SKC, 2019 WL 2229718, *2 (D. Colo. May 23, 2019) ("The Court's broad discretion to stay proceedings is incidental to its power to control its own docket. Questions of jurisdiction and immunity should be resolved at the earliest stage of litigation, so as to conserve the time and resources of the Court and the parties.") (internal citations omitted). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Tech. Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). Five factors guide the Court's discretion: (1) prejudice to the plaintiff caused by the delay; (2) the burden on the defendant to proceed with discovery; (3) convenience of the Court; (4) the interests of nonparties in staying the action; and (5) the public interest in staying the action or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006). The foregoing factors support a stay of all discovery until this Court determines whether the Deputies are entitled to qualified immunity.

Plaintiff certainly has a generalized interest in proceeding with discovery. Nevertheless, Plaintiff's general interest in proceeding with discovery does not outweigh the Deputies' entitlement to avoid the burdens of litigation until the qualified immunity determination is made. *See Sexton v. Hickenlooper*, No. 13-cv-01008-MSK-KMT, 2013 WL 5477605, *2 (D. Colo. Oct. 1, 2013) ("In any event, the court finds that any prejudice a stay might have on Plaintiff's interest in proceeding expeditiously with this case is outweighed by the burden Defendants would face if

4

they were forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised ….").

The Deputies would be subject to a substantial burden if required to defend against Plaintiff's claims through discovery rather than focusing on their law enforcement responsibilities, which include time-consuming and labor-intensive canine handling, while they await an immunity determination from the Court. The burdens imposed by proceeding with discovery are antithetical to the central purpose of qualified immunity, which is to protect an individual government official or employee from the burdens of litigation, including discovery, until qualified immunity has been determined. *Mitchell*, 472 U.S. at 526; *see Anderson v. Creighton*, 483 U.S. 635, 638 (1987) ("[D]amages suits against government officials can entail substantial social costs, including the risk that … harassing litigation will unduly inhibit officials in the discharge of their duties.")

Convenience also favors a stay of all discovery until the Motion to Dismiss has been resolved. Courts in this District have regularly concluded that judicial economy and efficiency are fostered by entering a stay of discovery where a dispositive motion is pending. *See, e.g., Sexton*, 2020 WL 1875146, at *3 ("it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward"); *Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, *2 (D. Colo. Oct. 8, 2019) ("Considering this case is in the early stages, the Court concludes that the interests of judicial economy weigh in favor of a stay."); *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 WL 950879, *4 (D. Colo. Mar. 12, 2013) ("[I]f qualified immunity does apply for one or more of the defendants, the court's judicial resources are wasted if spent on resolution of discovery disputes, pretrial conferences and trial. Further, any adverse district court qualified immunity decision raising a legal question may be

5

appealed on an interlocutory basis pursuant to the collateral order doctrine, which causes further havoc with the court's docket if a stay is not issued when the issue is first raised."); *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, *3 (D. Colo. Oct. 15, 2012) (finding that "managing discovery and establishing different deadlines for each defendant presents significant logistical challenges" and "resolving discovery disputes with respect to one but not both of the Defendants increases the likelihood that the Court will be required to duplicate its efforts at a later point in the litigation").

The Deputies are not aware of any nonparty with a significant particularized interest in this case. Therefore, the fourth factor does not warrant denying the requested stay.

Finally, the public has an interest in the efficient and just resolution of this case. It is therefore in the public's best interest to avoid judicial waste, inefficiency, and unnecessary expenses born by the parties, and particularly the taxpayers of Douglas County. *See Sexton*, 2020 WL 1875146, at *3 ("[T]he general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose."); *Lane*, 2012 WL 4928216, at *3 ("To the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay."); *Raven*, 2019 WL 4954640, at *2 (finding a strong public policy in "avoiding unnecessary expenditures of public and private resources on litigation[ ]" and holding that in light of "the possibility of dismissal of the case, in whole or in part, the fifth factor weighs in favor of a stay") (internal citation omitted).

On balance, each of the foregoing factors decidedly supports the issuance of a stay of all discovery in this proceeding until the Court has ruled on the Deputies' assertion of qualified

6

immunity. A stay of all discovery will promote the purpose of the qualified immunity doctrine and serve the interests of judicial efficiency and public interest.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders respectfully request that the Court issue a stay of all discovery in this matter pending its determination of qualified immunity in their Motion to Dismiss, and for such other and further relief the Court deems just and proper.

Respectfully submitted this 9th day of December 2025.

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO

*/s/ Andrew C. Steers*
Andrew C. Steers, #40139
S. Kelly Dunnaway, #31896
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
Email: asteers@douglas.co.us
           kdunnawa@douglas.co.us

*Attorneys for Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of December 2025, I electronically filed the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY PENDING IMMUNITY DETERMINATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Ashley Chamberlain*

*Pursuant to USDC ECF Procedure Version 6.1, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.*