**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02923-PAB-STV

**AUSTIN KIM,**

Plaintiff,

v.

**SCOTT KELLY,** DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
**ANTHONY CORDOVA**, DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
 **BENJAMIN ESPINOZA,** DOUGLAS COUNTY SHERIFF'S OFFICE DEPUTY, IN HIS INDIVIDUAL CAPACITY;
**ANDREW SANDERS,** DOUGLAS COUNTY SHERIFF'S OFFICE SERGEANT, IN HIS INDIVIDUAL CAPACITY;

Defendants.

---

**RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING IMMUNITY DETERMINATION [DOC. 17]**

---

Plaintiff, Austin Kim, by and through his counsel, Jason M. Kosloski of KOSLOSKI LAW, PLLC, Tillman P. Clark of TILLMAN CLARK LAW, LLC, respectfully respond to Defendants' Motion to Stay Discovery Pending Immunity Determination [Doc. 17]. For the reasons set forth in this motion, the Court should deny Defendants' motion. As grounds:

**INTRODUCTION**

Defendants Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders ("Defendants") seek a blanket stay of all discovery based solely on their assertion of qualified immunity in a pending Motion to Dismiss. However, as established by well-settled precedent in this District and Circuit, the mere invocation of qualified immunity does not automatically entitle

1

defendants to a stay. Stays of discovery are generally disfavored in this District, and Defendants have failed to meet their burden of demonstrating that extreme circumstances warrant such relief.

Crucially, Defendants' invocation of qualified immunity addresses only Plaintiff's federal claims under 42 U.S.C. § 1983. Qualified immunity cannot be asserted as a defense to Plaintiff's Colorado constitutional claims brought pursuant to C.R.S. § 13-21-131. Thus, even if Defendants prevail on their qualified immunity defense, this case will proceed on the state law claims – and Defendants will be required to participate in discovery regardless. Because Defendants cannot demonstrate that any purported burdens outweigh Plaintiff's right to proceed expeditiously, Defendants' Motion to Stay Discovery Pending Immunity Determination [Doc. 17] should be denied.

**LEGAL STANDARD**

The Tenth Circuit has stated that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). For this reason, stays are generally disfavored in this District. *See e.g. McGinn v. El Paso County*, 640 F.Supp.3d 1070, 1074 (D. Colo. 2022) ("Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery."). The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Defendants must support their request with "particular and specific demonstration of fact," not "speculation or conclusory statements." *See Trustees of Springs Transit Co. Employes's Retirement and Disability Plan v. City of Colorado Springs*, 09-cv-02842-WYD-CBS, 2010 WL 1904509 (D. Colo. May 11, 2010) ("However, a party seeking a protective

2

order Under Rule 26(c) has the burden of demonstrating good cause and cannot sustain that burden simply by offering conclusory statements . . . [and] must make a particular and specific demonstration of fact in support of its request.").

**ARGUMENT**

**I.      The Invocation of Qualified Immunity Does Not Automatically Warrant a Stay.**

Defendants argue that because they have asserted qualified immunity on some of Plaintiff's claims, all discovery must be stayed. This overstates the law. The invocation of qualified immunity does not automatically lead to a complete stay of discovery. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004); *Sanchez v. Hartley*, 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016).

While Defendants cite *Workman v. Jordan* for the proposition that discovery should not proceed until qualified immunity is resolved, the Tenth Circuit has also recognized that qualified immunity "does not shield government officials from all discovery but only discovery which is either avoidable or overly broad." *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001) (quoting *Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989)). Moreover, courts may grant a stay based on qualified immunity only when the defense "would act as a complete defense from suit." *Lucio-Vasquez v. City of Aurora*, 21-cv-02756-WJM-NYW, 2022 WL 1719661, at *4 (D. Colo. May 27, 2022) (citing *Lopez v. Gonzales*, 18-cv-03233-MEH, 2020 WL 417590, at *1-2 (D. Colo. Jan 27, 2020)). That is not the case here as Plaintiff's state law claims cannot be resolved based on qualified immunity.

3

## II.      Defendants' Qualified Immunity Defense Is Not Dispositive of the Entire Suit.

Even if successful, Defendants' qualified immunity defense addresses only Plaintiff's federal § 1983 claims. Qualified immunity is not a defense to Plaintiff's state claims under C.R.S. § 13-21-131. As the Tenth Circuit has recognized, "Colorado enacted legislation on June 19, 2020, that created a new cause of action for state constitutional rights violations by law enforcement. . . . . Nor is state qualified immunity a defense to [C.R.S. § 13-21-131]." *Sawyers v. Norton*, 962 F.3d 1270, n.23 (10th Cir. 2020).

Thus, even if Defendants prevail on their asserted qualified immunity defense as to the federal claims, Plaintiff's parallel state law claims will proceed. Defendants will be required to participate in discovery on those claims regardless of the outcome of their Motion to Dismiss. As Magistrate Judge Wang explained while denying a discovery stay in *Minter v. City of Aurora*, "it would be incongruous to permit the invocation of qualified immunity for the federal claims to stay discovery on the state claims, particularly when the Colorado legislature expressly repudiated qualified immunity in enacting Colo. Rev. Stat. § 13-21-131." 20-cv-02172-RM-NYW, 2021 WL 735910, at *5-6 (D. Colo. Feb. 25, 2021).

Because Defendants will be subject to discovery obligations on the state law claims even if dismissed from the federal claims, "any additional burden associated with also being asked questions as to the [federal] claims would be minimal." *Estate of McClain v. City of Aurora*, 20-cv-02389-DDD-NRN, 2021 WL 307505, at *4 (D. Colo. Jan 29, 2021) (discussing in the context of *Monell* municipal liability claims).

4

### III.    The *String Cheese* Factors Weigh Against a Stay.

Defendants argue that the five *String Cheese* factors support a stay. They do not.

#### A. *Plaintiff's Interest in Proceeding Expeditiously*

Defendants dismiss Plaintiff's interest as merely "generalized." But Plaintiff has a concrete interest in vindicating his constitutional rights before "memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Lester v. Gene Express, Inc.*, 09-cv-02648-REB-KLM, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010). "[A] stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more." *Breckenridge v. Vargo & Janson, P.C.*, 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016). This factor favors Plaintiff.

#### B. *Burden on Defendants*

Defendants claim they would face "substantial burden" from discovery while they continue to perform their law enforcement duties. This conclusory assertion is precisely the type of "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, [that] do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

"The ordinary burdens with litigating a case do not constitute undue burden." *Lester*, 2010 WL 743555, at *1. Every law enforcement defendant (not to mention any defendant with a job at all) could make the same claim about job responsibilities. If such generic assertions warranted a stay, qualified immunity motions would automatically halt discovery in every § 1983 case – which is not the law. At

5

best, "[t]he first two factors cancel each other out." *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, 16-cv-1084-WJM-NYM, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016).

### C. Convenience to the Court

Defendants cite *Sexton, Raven, Morgan,* and *Lane* for the proposition that judicial economy favors a stay. But the weight of authority in this District holds otherwise. "[C]ases that linger on the Court's docket are more difficult to manage," and a stay is not an efficient use of judicial resources. *Bailey v. City of Colorado Springs, Colorado*, 20-cv-1600-WJM-KMT, 2020 WL 6743789 (D. Colo. Nov. 17, 2020). "[M]otions to dismiss are denied more often than they result in the termination of a case . . . it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Chavez v. Young America Ins. Co.*, 05-cv-02419-PSF-BNB, 2007 WL 683973 (D. Colo. Mar. 2, 2007).

This is doubly true here. Defendants' Motion to Dismiss cannot dispose of this case in its entirety – the state law claims will proceed regardless – judicial resources would not be conserved by staying discovery. All a stay would accomplish is this case remaining on the Court's docket, paused, while the motion to dismiss is ruled on. This factor favors Plaintiff.

### D. Interests of Non-Parties

Defendants concede they are "not aware of any nonparty with a significant particularized interest in this case." Plaintiff agrees. This factor is neutral.

6

### E. *Public Interest*

Defendants argue the public interest favors "efficient and just resolution" and "avoiding . . . unnecessary expenses born by . . . taxpayers of Douglas County." But this argument proves too much – it would support staying every case against government defendants. The public also has "an interest in assuring that institutions . . . [are] operating within the bounds of the law." *Morgan v. Clements*, 12-cv-00936-REB-KMT, 2013 WL 950876, at *5. And a stay will not save anyone any money as all the costs of discovery will occur regardless of the outcome of the qualified immunity determination given Plaintiff's parallel state claims. Further, "[d]elays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them." Michael Heise, *Justice Delayed?: An Empirical Analysis of Civil Case Disposition Time*, 50 Case W. Res. L. Rev. 813, 818 (2000). This factor favors Plaintiff.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Stay Discovery Pending Immunity Determination [Doc. 17].

Dated: December 22, 2025

/s/ Jason M. Kosloski
Jason M. Kosloski
KOSLOSKI LAW, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Austin Kim*

/s/ Tillman P. Clark
Tillman P. Clark
TILLMAN CLARK LAW, LLC
1312 17th Street, Unit 2250
Denver, CO 80202
(720) 507-5814
tillmanclarklaw@gmail.com
*Attorney for Plaintiff Austin Kim*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I electronically filed this foregoing **Response to Defendants' Motion to Stay Discovery Pending Immunity Determination** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Jason Kosloski