# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02923-PAB-STV

AUSTIN KIM,

    Plaintiff,

v.

SCOTT KELLY,
ANTHONY CORDOVA,
BENJAMIN ESPINOZA, and
ANDREW SANDERS.

    Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING IMMUNITY DETERMINATION

---

Defendants, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders ("the Deputies"), in their individual capacity, through the Douglas County Attorney's Office, hereby submit this Reply in Support of their Motion to Stay Discovery Pending Immunity Determination, and in support thereof state as follows:

### INTRODUCTION

Plaintiff's argument that a stay is not warranted based on the possibility that litigation could continue in a Colorado State Court does not preclude this Court from granting a stay in this case given the pending Motion to Dismiss.

## ARGUMENT

Plaintiff's argument against granting a stay is, essentially, that because qualified immunity is not available in state court, the parties might as well get started on discovery here. (ECF 20, pgs. 4 and 6). "Defendants' Motion to Dismiss cannot dispose of this case in its entirety – the state law claims will proceed regardless – judicial resources would not be conserved by staying discovery." *Id*, at 6. Plaintiff misses the point though. If the Court grants Defendants' Motion to Dismiss, then the Court has no reason to continue jurisdiction over the remaining state law only claims, because "when all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998). Therefore, what Plaintiff is actually requesting is the potential of two bites at the discovery apple. If the Court denies a stay in this Court, discovery commences in this Court, and the Court later grants Defendants' Motion to Dismiss, then while discovery will have commenced federally it will have to stop and be restarted in state courts once the Court declines supplemental jurisdiction.

Courts in this district have recognized that "if Defendants are successful in getting the federal claims dismissed on qualified immunity grounds, then the Court will almost certainly decline to exercise supplemental jurisdiction over the remaining state claim or claims, and the matter would be dismissed for the purpose of being refiled in state court." *Est. of Deweese v. Hancock*, No. 24-CV-00960-DDD-NRN, 2024 WL 4333366, at *4 (D. Colo. Sept. 27, 2024). "This court discerns no justification for ignoring the clear language in *Iqbal*, and the Supreme Court precedent predating it, which directs that discovery should *not* proceed until threshold immunity questions are resolved even if not every claim or defendant raises an immunity defense."

2

*Lucero v. City of Aurora*, No. 1:23-CV-00851-GPG-SBP, 2023 WL 5957126, at *5 (D. Colo. Sept. 13, 2023)(emphasis in original).

Beginning discovery, as requested by Plaintiff, creates exactly the type of burden qualified immunity was designed to prevent, namely that the "defendant officers would be forced to appear at deposition and pay lawyers to ensure that their own interests continue to be protected." *Est. of Deweese*, at *5. Additionally, "Plaintiff could have chosen to sue only in state court on state law grounds, avoiding the prospect of the federal qualified immunity defense. Having chosen a federal forum, Plaintiff must accept the procedural hurdles that usually come with that forum." *Id*.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders respectfully request that the Court issue a stay of all discovery in this matter pending its determination of qualified immunity in their Motion to Dismiss, and for such other and further relief the Court deems just and proper.

Respectfully submitted this 30th day of December 2025.

OFFICE OF THE COUNTY ATTORNEY
DOUGLAS COUNTY, COLORADO

*/s/ Andrew C. Steers*
Andrew C. Steers, #40139
S. Kelly Dunnaway, #31896
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
Email: asteers@douglas.co.us
kdunnawa@douglas.co.us

*Attorneys for Deputies Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of December 2025, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING IMMUNITY DETERMINATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Amy Williams*

*Pursuant to USDC ECF Procedure Version 6.1, a printed copy of this document with original signatures will be maintained by the Office of the Douglas County Attorney and made available for inspection upon request.*