**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02923-PAB-STV

AUSTIN KIM,
Plaintiff,

v.

SCOTT KELLY,
ANTHONY CORDOVA,
BENJAMIN ESPINOZA, and
ANDREW SANDERS.
Defendants.

---

## PROPOSED SCHEDULING ORDER

---

## 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is currently scheduled for November 19, 9:30 am. Contact information for the parties is as follows:

**Counsel for Plaintiff**
Jason Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
c: (720) 605-6487
o: (720) 604-0529
jkosloski@kosloskilaw.com

Tillman P. Clark
TILLMAN CLARK LAW, LLC
1312 17th Street, Unit 2250
Denver, CO 80202
(720) 507-5814
tillmanclarklaw@gmail.com

**Counsel for Defendants, Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders**
Valerie Brewster, #43659
Senior Assistant County Attorney
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
E-mail: vbrewster@douglasco.gov

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. § 1331 because the matter in controversy is one arising under the laws of the United States.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff alleges that the Defendants seized him without a warrant, reasonable suspicion, nor probable cause to believe that he had committed any crime, used excessive force in seizing Plaintiff, and directing the warrantless search of Plaintiff's cell phone. Plaintiff brings these claims under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, C.R.S. § 13-21-131, and Article II, section 7 of the Colorado Constitution.

### b. Defendants

Defendants deny that they acted in violation of any law or constitutional obligation with respect to Plaintiff and deny that Plaintiff is entitled to any damages against them. Defendants filed their Answer to Plaintiff's Complaint on October 7, 2026 [Doc. No. 29] and Defendants incorporates all denials and defenses asserted therein and add a challenge to this court's subject matter jurisdiction over Plaintiff's Colorado State law based claim for failure to provide notice as required pursuant to the Colorado Governmental Immunity Act.

## 4. UNDISPUTED FACTS

The following facts are undisputed: The facts contained in paragraphs 4, 11, 13, 19, 25, 34, 41, 45, 55, 58, 59, 68, 78, and 81 of the Plaintiff's complaint.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief, compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, pain and suffering, the deprivation of constitutional rights, and all other non-economic damages as allowed by law. Plaintiff's noneconomic damages are not subject to precise calculation and will instead be determined by a jury following the presentation of evidence at trial in this matter. Plaintiff does not seek economic damages at this time, subject to any unknown information learned through discovery. Plaintiff further seeks punitive damages against defendants on all claims to the maximum extent allowable, pre- and post-judgment interest at the lawful rate, and any other further relief that the Court deems just and proper, and any other relief as allowed by law.

### b. Defendants

Defendants deny that Plaintiff is entitled to recover any of the relief requested. Defendants do not seek damages against Plaintiff at this time but reserves the right to pursue costs and attorney fees in accordance with applicable law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on October 29, 2026.

**b. Names of each participant and party he/she represented.**

Counsel for Plaintiff Austin Kim, Jason Kosloski and Tillman P. Clark; Counsel for Defendants, Valerie Brewster; Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties will make their Rule 26(a)(1) disclosures on or before fourteen (14) days after the Scheduling Conference is held.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

None.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

To the extent possible, the parties will use electronic means to provide discovery to avoid the waste and expense of paper discovery. The parties agree to take all reasonable steps to reduce costs of discovery, including using a unified exhibit numbering system.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that their claims or defenses will involve the discovery of some electronically stored information. To the extent that discovery or disclosures involve information or records in electronic form, the parties will take steps to preserve that information. The parties agree that, to the extent feasible, the parties will exchange information (whether in paper or electronic form) in PDF format.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement and although settlement is not currently feasible the parties remain open to further discussion.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree with the presumptive numbers contained in the Federal Rules.

**b. Limitations which any party proposes on the length of depositions.**

All parties are in agreement with the limitations on the presumptive length of depositions provided for in the Federal Rules of Civil Procedure.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

All parties are in agreement with twenty-five requests for production and/or requests for admission per party.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Discovery requests shall be served no later than forty-five days (45) prior to discovery cut off.

**e. Other Planning or Discovery Orders**

None

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

January 4, 2027 (45 days after the Scheduling Conference)

**b. Discovery Cutoff:** July 29, 2027.

**c. Dispositive Motion Deadline:** August 27, 2027.

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff does not anticipate disclosing any experts at this time. However, Plaintiff *may* disclose an expert in policing and may disclose rebuttal experts.

Defendants Douglas County anticipates disclosing non-retained experts who will provide expert testimony concerning curfew ordinance and minors.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The parties agree to three (3) expert witnesses per party.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before**

March 29, 2027

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before**

June 29, 2027

**e. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| **Plaintiff:**<br><br>Scott Kelly<br>Anthony Cordova<br>Benjamin Espinoza<br>Andrew Sanders<br>Employee(s) of South Metro involved in incident<br><br>*Plaintiff reserves the right to depose additional witnesses within the applicable limitations as are identified through discovery or become relevant.* | <br><br>4-5 hours<br>4-5 hours<br>4-5 hours<br>4-5 hours<br>4-5 hours |
| **Defendants list of anticipated Deponents:**<br><br>Austin Kim<br>Arisa Cindy Kim | <br><br>4-5 hours<br>4-5 hours |

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

<u>None at this time</u>.

**b. A final pretrial conference will be held at the following date and time:**

<u>Not currently set</u>.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None as of now.

**b. Anticipated length of trial and whether trial is to the court or jury.**

Jury Trial; the parties believe 5 days would be sufficient.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this ______ day of ________________, 2026.

BY THE COURT:

___________________________________
Scott T. Varholak
United States Magistrate Judge