**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-02923-PAB-STV

AUSTIN KIM,

Plaintiff,

v.

SCOTT KELLY,
ANTHONY CORDOVA,
BENJAMIN ESPINOZA, and
ANDREW SANDERS.

Defendants

---

# STIPULATED PROTECTIVE ORDER

---

The Parties, by their respective counsel of record, stipulate and move the Court for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information, and, as grounds therefor, state as follows:

1. The nature of the claims, defenses, and damages asserted in this lawsuit may involve discovery of documents and information containing Confidential Information (as defined in paragraph four below).

2. The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3. The Parties stipulate to and request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4. "Confidential Information" means any document, file, portions of files, recordings, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named, as well as multiple parties who are not named as parties, and may include, but is not necessarily limited to personnel files, medical records, employment records, or other records that may pertain to any party or third-party, which are not made available to the public, as to which a reasonable expectation of privacy or confidentiality exists through the application of law, and is disclosed subsequent to the entry of the Protective Order, so designated as confidential.

5. Information designated as confidential must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c). *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

6. When Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner by:

a. imprinting the word "Confidential" or "Subject to Protective Order" on the first page or cover of any document produced;

b. imprinting the word "Confidential" or "Subject to Protective Order" next to or above any response to a discovery request; and

c. designating deposition testimony as "Confidential" or "Subject to Protective Order" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions while it is designated confidential:

a. It shall be used only for the purposes of this litigation and not for any other purpose;

b. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

(i) attorneys actively working on this case;

(ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

(iii) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

(iv) the Court and its employees;

(v) stenographic reporters who are engaged in this litigation;

(vi) deponents and witnesses who execute the attached Exhibit A;

(vii) the Parties or a party's representatives, if the party is an entity;

(viii) adjusters for an insurer covering any of the Parties; and

(ix) other persons by written agreement of the Parties.

8. The party's counsel who discloses Confidential Information subsequent to receipt of same shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court. To the extent that such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom documents were sent will not need to be disclosed, unless the Court orders such disclosures, and then the names will be disclosed to the Court only, *in camera*.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within fourteen (14) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

12. In the event it is necessary for the Parties to file or refer to Confidential Information with the Court in connection with any proceeding, motion, pleading, brief or other filing, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

13. In the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, no recipient of inadvertently disclosed information or documentation shall utilize such information/ documentation, or any fruits derived therefrom for the purposes of this litigation. The inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

14. Within thirty (30) days after the conclusion of this action, including any appeals, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be returned to the producing party, destroyed, or stored by counsel in a confidential manner consistent with the provisions of this Protective Order. Moreover, copies of all deposition transcripts referring to Confidential documents shall be sealed by counsel.

15. The termination of this action shall not relieve counsel, or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. Nothing in this Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and the opportunity for them to be heard.

20. The protections afforded by Fed.R.Evid. 502(d) shall apply to this matter so that attorney-client privilege or work-product protection are not waived by disclosure connected with this litigation.

DATED this _______ day of ___________________, 2026.

BY THE COURT:

______________________________________
United States District Court/Magistrate Judge

**APPROVED BY:**

*s/ Jason Kosloski*___________
Jason Kosloski
Kosloski Law, PLLC
1401 Lawrence Street, Suite 1600
Denver, CO 80202
C: (720) 605-6487
O: (720) 604-0529
jkosloski@kosloskilaw.com
COUNSEL FOR PLAINTIFF

*/s/ Valerie Brewster*____________
Valerie Brewster
Douglas County Attorney's Office
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
vbrewster@douglasco.gov
COUNSEL FOR DEFENDANTS

**AFFIDAVIT**

STATE OF COLORADO )
) ss.
COUNTY OF ___________ )

_________________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Austin Kim v. Scott Kelly, Anthony Cordova, Benjamin Espinoza, and Andrew Sanders (in their individual capacities)* United States District Court for the District of Colorado, Civil Action 25-cv-02923-PAB-STV, a copy of which is attached to this Affidavit.

2. I have been informed by _____________________________, Esq., counsel for _____________________________, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

____________________________________
(Signature)

____________________________________
(Print or Type Name)
Address:

____________________________________

____________________________________
Telephone No.: (_____) ________________

***SUBSCRIBED AND SWORN*** to before me this ________ day of __________________, 20__, by ______________________________.

WITNESS my hand and official seal.

[SEAL]

____________________________________
Notary Public

**Exhibit A**